UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GREGORY GRIFFIN and MAXWELL MCKEARNEN,**
on behalf of themselves and all other persons similarly situated, known and unknown,

        Plaintiffs,

vs.

**THE NEXEN CORPORATION,** a Michigan for-profit business, **STEVEN KIRKA,** a natural person, **and AMAZON.COM, INC.,** a Delaware for-profit business,

        Defendants.

Case No:

Hon.

Magistrate Judge

_____/

Bryan Yaldou (P70600)
Omar Badr (P70966)
THE LAW OFFICES OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
*Attorneys for Plaintiffs*

_____/

## PLAINTIFFS' COMPLAINT AND JURY DEMAND

NOW COME Plaintiffs Gregory Griffin ("Plaintiff Griffin") and Maxwell McKearnan ("Plaintiff McKearnan") (collectively, "Plaintiffs"), by and through their attorneys, THE LAW OFFICES OF BRYAN YALDOU, PLLC, and for their Complaint against Defendants The Nexen Corporation ("Defendant Nexen"), Steven Kirka ("Defendant Kirka"), and Amazon.com, Inc. ("Defendant Amazon") (collectively, "Defendants") and hereby allege the following:

## INTRODUCTORY STATEMENT

1.      This is a civil action seeking relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Michigan Workforce Opportunity Act ("WOWA"), MCL § 408.411 *et seq.* Plaintiffs are former employees of Defendants whose rights under these statutes have been violated, and they now seek to recover the benefits due to them from Defendants under the FLSA and the WOWA as a result of Defendants' failure to pay Plaintiffs at least the minimum wage for all hours worked.

2.      Plaintiffs seek a declaration that their rights under the FLSA and the WOWA have been violated, an award of the unpaid wages owed to them, an award of liquidated damages in an amount equal to the unpaid wages owed to them, and an award of reasonable attorneys' fees and costs, as provided for in the FLSA and the WOWA, in order to compensate them for damages suffered and to ensure that they

2

and future employees will not suffer as a result of such illegal conduct on the part of Defendants in the future.

## JURISDICTION AND VENUE

3.     This Court has federal question jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.     This Court has supplemental jurisdiction over Plaintiffs' state law claims under the WOWA, pursuant to 28 U.S.C. § 1367, because these claims are so related to Plaintiffs' federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

5.     Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a) and § 1391(b), because Plaintiffs worked for Defendants in this District and suffered the damages at issue in this District, Defendants have significant business contacts within this District, and because the actions and events giving rise to Plaintiffs' claims occurred in this District.

## PARTIES

6.     Plaintiff Griffin is an adult citizen of the State of Michigan, who resides in this judicial district.

7.     Plaintiff McKearnan is an adult citizen of the State of Michigan, who resides in this judicial district.

8.     Plaintiffs worked as laborers for Defendants' for-profit businesses in this judicial district.

9.     Defendant Nexen is a for-profit Michigan company with its main office at 9338 Harrison, Romulus, MI 48174.

10.    Defendant Kirka is the Registered Agent, President, and a corporate officer of Defendant Nexen.

11.    Defendant Amazon is a Delaware Limited Liability Company.

12.    Defendant Amazon is one of the largest internet retailers in the world and does a significant amount of business in this judicial district.

## NATURE OF THE SUIT

13.    Defendant Amazon offers a range of products and services through its websites. The company's products include merchandise and content that it purchases for resale from vendors and those offered by third-party sellers. Defendant Amazon is renowned for its extremely fast delivery of products ordered through its website, www.amazon.com.

14.    In order to provide fast delivery to customers, Amazon has warehouses throughout the United States.

15.    Upon information and belief, Defendant Amazon contracts with Defendant Nexen to hire laborers for their warehouses.

16.     Plaintiffs were laborers, hired by Defendant Nexen to work in Amazon's Hazel Park, MI warehouse.

17.     One of the most significant issues in this case is the status of Defendant Amazon and Defendant Nexen as joint employers. Defendant Amazon uses a corporate structure which is commonly referred to as the "fissured workplace." (Exhibit C). Plaintiffs' complaint is a part of a movement challenging the fissured workplace scheme that often causes American workers to be denied their rights under the FLSA. *See, e.g., Hall v. DIRECTV, LLC,* 846 F.3d 757, 772 (4th Cir. 2017). In recent years, the employment relationship between workers and businesses receiving the benefit of their labor has fissured apart as companies have contracted out or otherwise shed activities to be performed by other businesses. (Exhibit C). The blurred lines from the fissured workplace make achieving compliance with the wage and hour laws a difficult task. *Id.* Intense competition between subcontracting companies leads to low pay and noncompliance pulls down standards for all. These falling standards make it difficult for responsible employers to survive in low margin, fiercely competitive conditions. *Id.* The costs in this race to be the lowest bidder are ultimately borne by workers deprived of their wages and their rights. *Id.*

18.     The question of whether two or more entities can be joint employers is not new. While the FLSA does not expressly reference "joint employment," the Department of Labor's first set of regulations implementing the statute – which

remain in force – recognizes that, "[a] single individual may stand in the relation of an employee to two or more employers at the same time under the Fair Labor Standards Act of 1938 . . . [I]f the facts establish that the employee is employed jointly by two or more employers, i.e., that *employment by one employer is not completely disassociated from employment by the other employer(s)*, all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act. In this event, all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the particular workweek." 29 C.F.R. § 791.2(a) (emphasis added).

19.     The U.S. Supreme Court has long recognized that two or more entities may constitute joint employers for purposes of the FLSA. *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 724-25 (1947); *Falk v. Brennan*, 414 U.S. 190 (1973).

20.     Additionally, courts within the Eastern District of Michigan have also recognized joint employment doctrine in the FLSA context. *Ali v. Piron, LLC*, No. 17-11012, 2018 U.S. Dist. LEXIS 37108 (E.D. Mich. Mar. 7, 2018) (Exhibit D); *Parrott v. Marriott Int'l, Inc.*, No. 17-10359, 2017 U.S. Dist. Lexis 144277, 2017 WL 3891805 (E.D. Mich. 2017) (Exhibit F); and *Dowd v. DirectTV, LLC,* No. 14-14018, 2016 U.S. Dist. Lexis 36, 2016 WL 28866 (E.D. Mich. 2016) (Exhibit E).

21.     Plaintiffs similarly intend to prove in this litigation that they were jointly employed by Defendants; were entitled to the minimum wage protections of the FLSA; were entitled to the minimum wage protections of the WOWA; and are owed damages for Defendants' willful violations of both the FLSA and the WOWA.

## STATEMENT OF MATERIAL FACTS

22.     Defendant Nexen is a subcontracting company that, upon information and belief, contracted with Defendant Amazon to provide laborers for Defendant Amazon's warehouses.

23.     Plaintiffs worked as warehouse laborers for Nexen and Amazon in December 2017. (Exhibit A, ¶ 1) (Exhibit B, ¶ 1).

24.     Plaintiffs were told by Nexen managers that they would make $25.00 an hour for the work that they did in the Amazon warehouse in Hazel Park, MI. (Exhibit A, ¶ 3) (Exhibit B, ¶ 2).

25.     When Plaintiffs arrived at the Amazon warehouse, they checked in with employees who worked in the Amazon warehouse. (Exhibit A, ¶ 6) (Exhibit B, ¶ 6).

26.     Plaintiffs were given safety equipment by the employees at the Amazon warehouse for them to use including safety vests and gloves. (Exhibit B, ¶ 7).

27.     Both employees at the Amazon warehouse and Nexen managers instructed Plaintiffs on what tasks to do during their shifts and how to perform them. (Exhibit A, ¶ 6) (Exhibit B, ¶ 8).

28. While working at the Amazon warehouse, Plaintiffs used Amazon's equipment including hydraulic pallet jacks, large metal racks, and portable metal lines used to load and unload products onto trucks. (Exhibit A, ¶ 6) (Exhibit B, ¶ 9).

29. Plaintiffs did not get paid for the work that they did for Nexen and Amazon, so they contacted Defendant Kirka, the owner of Nexen. (Exhibit A, ¶¶ 8 -9) (Exhibit B, ¶¶ 11 – 13).

30. Plaintiffs had significant difficulties getting ahold of Defendant Kirka. (Exhibit A, ¶ 9) (Exhibit B, ¶ 14).

31. Plaintiff McKearnan finally got a hold of Defendant Kirka after calling him six times. Defendant Kirka told him to come down to the Amazon warehouse and fill out W-2 forms so that he could be paid. (Exhibit B, ¶¶ 14 – 15). Plaintiff McKearnan filled out the paperwork as instructed. (Exhibit B, ¶ 16). Plaintiff McKearnan still was not paid after filling out the W-2 forms, so he called Defendant Kirka again, but Defendant Kirka never returned his calls. (Exhibit B, ¶ 18).

32. Plaintiff Griffin never got a hold of Defendant Kirka by phone. (Exhibit A, ¶ 9). Plaintiff Griffin went up to the Amazon warehouse to inquire about how he would be paid for the work that he did at the warehouse. (Exhibit A, ¶ 10). However, the Amazon employees were not able to get him paid of the work that he did at the warehouse. (Exhibit A ¶¶ 10).

33.    To date, Plaintiffs have not received any compensation for the work that they did for Defendant Nexen or Defendant Amazon. (Exhibit A, ¶ 12) (Exhibit B, ¶ 19).

## COLLECTIVE ACTION ALLEGATIONS

### FLSA Collective Action Claims Brought Pursuant to 29 U.S.C. § 216(b)

34.    Plaintiffs brings the FLSA claims (Counts I – III) in this action as a collective action under 29 U.S.C. § 216(b).

35.    Plaintiffs assert these claims on behalf of themselves and on behalf of all similarly situated laborers.

36.    Plaintiffs seek to notify the following employees of their right under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join the action:

> All individuals who worked at any time during the past three years for Defendant Nexen as laborers out of the Amazon warehouse in Hazel Park, MI.

37.    The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of that Act. 29 U.S.C. § 255. As alleged above, Plaintiffs' and similarly situated employees' claims arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all similarly situated laborers within three years before the filing of this Complaint.

38.    Upon information and belief, Defendant Nexen has employed many similarly situated laborers during the time period relevant to this action.

39.    The identities of these employees, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiffs, joinder of each member is not practicable.

40.    Plaintiffs ask this Court to require Defendants to furnish Plaintiffs with the contact information of other similarly situated laborers pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

41.    Collective adjudication is appropriate in this case because the employees who Plaintiffs wish to notify of this action have been employed in the same position as Plaintiffs; have performed work similar to that of Plaintiffs; have been subject to the same policies and procedures as Plaintiffs; and have been subject to compensation practices similar to those which form the basis of Plaintiffs' case, including unlawful failure to pay the minimum wage under the FLSA.

## **CLASS ACTION CLAIMS**

### **Class Action Claims Brought Pursuant to Federal Rules of Civil Procedure Rule 23**

42.    Plaintiffs hereby repeat and reallege all preceding paragraphs as though full set forth herein.

43.    Plaintiffs seek to certify their state law claims arising under WOWA (Counts IV – VI) as a Federal Rule of Civil Procedure Rule 23 Class Action.

44.   The class which Plaintiffs seek to certify as a Fed. R. Civ. P. Rule 23

Class Action is defined as:

> All individuals who worked at any time during the past
> three years for Defendant Nexen as laborers out of the
> Amazon warehouse in Hazel Park, MI.

45.   A class action under Fed. R. Civ. P. Rule 23 is appropriate because:

A.   The class is so numerous that joinder of class members is

impracticable. While the precise number of Class Members has not been

determined at this time, Plaintiffs believe that Defendant Nexen          has

employed many laborers during the last three years;

B.   There are questions of law or fact common to the class and those

common questions of law or fact predominate over any questions affecting

only individual class members. These common questions of law and fact

include, without limitation:

(i)   Whether Defendants jointly employed the Plaintiffs and

the Class Members;

(ii)   Whether Plaintiffs and the Class Members were entitled

to the state minimum wage under WOWA; and

(iii)   Whether Defendants failed to pay the Class Members at

least the state minimum wage for all hours that they worked in

violation of WOWA;

11

   C. Plaintiffs and the Class Members have been equally affected by Defendants' failure to pay minimum wages making the claims and defenses of Plaintiffs typical of those of the Class Members; and

   D. Plaintiffs will fairly and adequately protect the interests of the Class Members because they have a commonality of interest in the subject matter and remedies sought. If individual actions were required to be brought by each injured or affected member of the class, the result would be a multiplicity of actions creating a hardship on the Class Members, Defendants, and the Court.

46. Therefore, a Rule 23 class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
### Defendant Nexen - Violation of the Minimum Wage Provision of the FLSA

47. Plaintiffs hereby repeat and reallege all preceding paragraphs as though fully set forth herein.

48. Plaintiffs were "employees" of Defendant Nexen as that term is defined by the FLSA, 29 U.S.C. § 203(e), because Defendant Nexen "suffered or permitted" them to work for it.

49. Defendant Nexen was Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. § 203(d), because Defendant Nexen "suffered or permitted" them to work for it.

50.     Defendant Nexen is an "enterprise" as defined by the FLSA, 29 U.S.C. § 204(r)(1), and is engaged in the processing and handling of goods which move in interstate commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

51.     Defendant Nexen is required to comply with the requirements of the FLSA.

52.     The minimum wage provision of the FLSA, 29 U.S.C. § 206, requires employers to pay employees at least the minimum wage for all time worked.

53.     Defendant Nexen is a covered employer and therefore its employees are entitled to the protections of the FLSA including the minimum wage provision.

54.     Defendant Nexen has failed to pay Plaintiffs in compliance with the FLSA.

55.     In addition to compensatory damages for their unpaid wages, Plaintiffs are owed liquidated damages in an amount equal to their compensatory damages pursuant to the FLSA, 29 U.S.C. § 216(b), and their reasonable attorneys' fees, to be paid by the Defendant Nexen for its willful failure to pay at least the minimum wage for all hours worked by Plaintiffs.

## COUNT II
## Defendant Steve Kirka - Violation of the Minimum Wage Provision of the FLSA

56.     Plaintiffs hereby repeat and reallege all preceding paragraphs as though fully set forth herein.

57.     Plaintiffs were "employees" of Defendant Kirka as that term is defined by the FLSA, 29 U.S.C. § 203(e), because Defendant Kirka "suffered or permitted" them to work for him.

58.     Defendant Kirka was an employer of Plaintiffs under 29 U.S.C. § 203(e) because he "suffered or permitted" them to work for him.

59.     Defendant Kirka, upon information and belief to be true, has ownership interest in the enterprise Defendant Nexen, which employed Plaintiffs.

60.     Defendant Kirka has operational control of Defendant Nexen. Defendant Kirka's operational control includes his overseeing of the pay policies of Defendant Nexen and the signing off on all of the payroll for Defendant Nexen.

61.     As an employer of Plaintiffs and the putative class members, Defendant Kirka is required to comply with the requirements of the FLSA.

62.     The minimum wage provision of the FLSA requires that employers pay at least the minimum wage to employees for all hours worked. 29 U.S.C. § 206.

63.     Defendant Kirka did not pay Plaintiffs at least the minimum wage for all hours worked.

64.     Defendant Kirka willfully failed to comply with the minimum wage provision of the FLSA.

65.     In addition to compensatory damages for unpaid minimum wages, Plaintiffs are owed liquidated damages in an amount equal to their compensatory damages pursuant to the FLSA, 29 U.S.C. § 216(b), and their reasonable attorneys' fees, to be paid by Defendant Kirka for his willful failure to pay at least the minimum wage for all hours worked by Plaintiffs.

66.     Under the theory of Corporate Officer Liability adopted by this circuit in *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991), Defendant Kirka is jointly and severally liable for the violations of the FLSA.

## COUNT III
## Defendant Amazon - Violation of the Minimum Wage Provision of the FLSA

67.     Plaintiffs hereby repeat and reallege all preceding paragraphs as though fully set forth herein.

68.     Defendant Amazon was Plaintiffs' joint employer. Defendant Amazon contracted out work through subcontracting companies like Defendant Nexen in order to deliver Amazon products to Amazon customers. Defendant Amazon set a number of policies and procedures that it enforced through Defendant Nexen.

69.     In this fissured employment scheme, Defendant Amazon was not completely disassociated from Defendant Nexen; rather, formally or as a matter of practice, determined, shared, or allocated the power to direct, control, or supervise

Plaintiffs and the putative class members, whether by direct or indirect means with Defendant Nexen. This demonstrates that Defendant Amazon was a joint employer of Plaintiffs and the putative class members. *See,* 29 C.F.R. § 791.2(a); *Salinas v. Commercial Interiors, Inc.*, 848 F3d 125, 141 (4th Cir. 2017); *Ali v. Piron, LLC*, No. 17-11012, 2018 U.S. Dist. LEXIS 37108 (E.D. Mich. Mar. 7, 2018) (Exhibit D).

70.   Defendant Amazon is an "enterprise" as defined by the FLSA, 29 U.S.C. § 204(r)(1), and is engaged in processing and handling of goods which move in interstate commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

71.   Defendant Amazon is required to comply with the requirements of the FLSA.

72.   The minimum wage provision of FLSA, 29 U.S.C. § 206, requires employers to pay at least the minimum wage for all time worked.

73.   Defendant Amazon is a covered employer and therefore its employees are entitled to the protections of the FLSA, including the minimum wage provision.

74.   Defendant Amazon did not pay Plaintiffs at least the minimum wage for all hours worked in violation of the FLSA.

75.   Defendant Amazon has failed to pay Plaintiffs in compliance with the FLSA.

76.     Defendant Amazon willfully failed to pay Plaintiffs the required minimum wage, in violation of the FLSA.

77.     In addition to compensatory damages for their unpaid wages, Plaintiffs are owed liquidated damages in an amount equal to their compensatory damages pursuant to the FLSA, 29 U.S.C. § 216(b), and their reasonable attorneys' fees, to be paid by the Defendant Amazon for its willful failure to pay at least the minimum wage for all hours worked by Plaintiffs.

## COUNT IV
## Defendant Nexen - Violation of the Minimum Wage Provision of the WOWA

78.     Plaintiffs hereby repeat and reallege all preceding paragraphs as though fully set forth herein.

79.     Plaintiffs were Defendant Nexen's "employees" as that term is defined by the WOWA, MCL § 408.412.

80.     Defendant Nexen was Plaintiffs' "employer" as that term is defined by the WOWA, MCL § 408.412.

81.     Defendant Nexen knowingly, intentionally, and willfully failed to pay Plaintiffs and the putative class members at least the Michigan minimum wage for all hours worked, in violation of the WOWA, MCL § 408.414.

82.     As a result of Defendant Nexen's failure to pay Plaintiffs the applicable Michigan minimum wage, Plaintiffs are entitled to an award of damages, including but not limited to, compensatory damages, liquidated damages in an amount equal

to their compensatory damages, costs of their lawsuit, and their reasonable attorney's fees pursuant to MCL § 408.419.

## COUNT V
## Defendant Kirka - Violation of the Minimum Wage Provision of the WOWA

83.    Plaintiffs hereby repeat and reallege all preceding paragraphs as though fully set forth herein.

84.    Plaintiffs were Defendant Kirka's "employees" as that term is defined by the WOWA, MCL § 408.412.

85.    Defendant Kirka was Plaintiffs' "employer" as that term is defined by the WOWA, MCL § 408.412.

86.    Defendant Kirka knowingly, intentionally, and willfully failed to pay Plaintiffs and the putative class members at least the Michigan minimum wage for all hours worked, in violation of the WOWA, MCL § 408.414.

87.    As a result of Defendant Kirka's failure to pay Plaintiffs the applicable Michigan minimum wage, Plaintiffs are entitled to an award of damages, including but not limited to, compensatory damages, liquidated damages in an amount equal to their compensatory damages, costs of their lawsuit, and their reasonable attorneys' fees pursuant to MCL § 408.419.

## COUNT VI
## Defendant Amazon - Violation of the Minimum Wage Provision of the WOWA

88.    Plaintiffs hereby repeat and reallege all preceding paragraphs as though fully set forth herein.

89.    Plaintiffs were Defendant Amazon's "employees" as that term is defined by the WOWA, MCL § 408.412.

90.    Defendant Amazon was Plaintiffs' "employer" as that term is defined by the WOWA, MCL § 408.412.

91.    Defendant Amazon knowingly, intentionally, and willfully failed to pay Plaintiffs and the putative class members at least the Michigan minimum wage for all hours worked, in violation of the WOWA, MCL § 408.414.

92.    As a result of Defendant Amazon's failure to pay Plaintiffs the applicable Michigan minimum wage, Plaintiffs are entitled to an award of damages, including but not limited to, compensatory damages, liquidated damages in an amount equal to their compensatory damages, costs of their lawsuit, and their reasonable attorney's fees pursuant to MCL § 408.419.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all others similarly situated, respectfully request that the Court grant the following relief:

A.     The actions of Defendants complained of herein be adjudicated, decreed, and declared a violation of Defendants' obligations under the FLSA;

B.     Find that Defendants willfully violated the FLSA and the WOWA, and enter judgment in Plaintiffs' favor and accordingly against Defendants, jointly and severally;

C.     Certify the federal-law claims in this case as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and require that notice of their right to join this action by filing with this Court written consent to do so be given to all of Defendants' workers who are similarly situated to Plaintiffs;

D.     Certify the state-law claims in this case as class action under Federal Rules of Civil Procedure Rule 23;

E.     Declare the rights of the parties and provide commensurate injunctive relief;

F.     Award any compensatory damages due to Plaintiffs for any unpaid wages according to the applicable statutes of limitations, pursuant to the FLSA and the WOWA;

G.     Award liquidated damages to Plaintiffs equal to the amount of unpaid back wages, pursuant to the FLSA and the WOWA;

H.     Award prejudgment interest with respect to the total amount of unpaid compensation to the extent permitted by applicable law;

I.      Establish a constructive trust, until further order of the Court, consisting of monies improperly withheld by Defendants due to its above-described improper conduct;

J.      Award reasonable attorneys' fees and costs to Plaintiffs' counsel as allowed by applicable law and statute; and

K.      Award such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

NOW COME Plaintiffs, by and through their attorneys, The Law Offices of Bryan Yaldou, PLLC, on behalf of themselves and others similarly situated, and hereby demand a trial by jury of the above entitled matter.

/s/ Bryan Yaldou
Bryan Yaldou (P70600)
Omar Badr (P70966)
LAW OFFICES OF BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
*Attorneys for Plaintiff*

Dated: July 24, 2018