UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GREGORY GRIFFIN,**
on behalf of himself and all other persons similarly situated, known and unknown,

           Plaintiff,

vs.

**NEXEN CORPORATION**, a Michigan for-profit corporation, **STEVEN KIRKA**, a natural person, and **AMAZON.COM, INC.**, a Delaware for-profit corporation,
           Defendants.

Case No: 2:18-cv-12369-LJM-APP
Hon. Laurie J. Michelson
Magistrate Judge Anthony P. Patti

_____/

Bryan Yaldou (P70600)
Elaina S. Bailey (P82461)
LAW OFFICES OF BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
elaina@yaldoulaw.com
*Attorneys for Plaintiffs*

Angela M. Mannarino (P72374)
GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, PC
30500 Northwestern Hwy, Ste. 425
Farmington Hills, MI 48334
Phone: 248-865-0001
Fax: 248-865-0002
amannarino@gmgmklaw.com
*Attorney for Nexen Corp. and Kirka*

Stephanie L. Sweitzer (P66376)
Meredith E. Riccio
MORGAN, LEWIS & BOCKIUS LLP
77 W. Wacker Drive, Suite 500
Chicago, IL 60601
Phone: 312-324-1000
Fax: 312-324-1001
meredith.riccio@morganlewis.com
*Attorneys for Amazon.com, Inc.*

_____/

## JOINT MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT

1

Plaintiff Gregory Griffin ("Plaintiff Griffin") along with Opt-In Plaintiff Jorrell Collins ("Plaintiff Collins") (collectively "Plaintiffs"), and Defendants Nexen Corporation ("Defendant Nexen"), Steve Kirka ("Defendant Kirka"), and Amazon.com, Inc. ("Defendant Amazon") (collectively "Defendants") (together referred to as the "Parties") move for an order (1) approving the Parties' Joint Stipulation of Settlement and Release (attached hereto as Exhibit A and referred to as "Joint Stipulation" or "Settlement"); (2) conditionally certifying the collective action under 29 U.S.C. § 216(b) for settlement purposes only; (3) approving the form and manner of notice to putative collective action members; (4) approving the award of Plaintiff's litigation expenses and Plaintiff's counsel's fees and costs; and (5) dismissing the case without prejudice, to convert to a dismissal with prejudice after six months, each party to bear its own fees and costs except as otherwise provided in the Agreement and by Court Order. Defendants do not oppose this motion.[1]

Approval of the Joint Stipulation is further supported by the attached Memorandum of Law. The Parties further state that:

---

[1] Defendants do not oppose this motion to the extent it seeks collective action certification under 29 U.S.C. § 216(b) for purposes of settlement only.  Should the Settlement fail to be approved by the Court, Plaintiffs reserve their right to move for conditional certification of a collective, and Defendants reserve their right to oppose any such motion.

1.     The terms and conditions of the proposed settlement between the Parties as defined and described in the Joint Stipulation and attached exhibits are fair, reasonable, and adequate;

2.     The form of the Notice of Settlement and the method of disseminating this information to the Collective Members of the Settlement ("Collective Members"), as described in the Joint Stipulation and Exhibits thereto are fair, reasonable, and adequate;

3.     The method of allocating a settlement award to each Collective Member is fair, reasonable, and adequate;

4.     Class Counsel's attorneys' fees and costs are accounted for, as described in the Joint Stipulation;

5.     Any objections to the Settlement as outlined within the Joint Stipulation to the extent any exist, are without basis, are not well founded, and should be overruled in their entirety;

6.     Defendants consent to the relief request herein.

WHEREFORE, the Parties ask this Court to issue an order: (1) approving the Parties' Joint Stipulation of Settlement and Release (attached hereto as Exhibit A and referred to as "Joint Stipulation" or "Settlement"); (2) conditionally certifying the collective action under 29 U.S.C. § 216(b) for settlement purposes only; (3) approving the form and manner of notice to putative Collective Members; (4)

approving the award of Plaintiff's litigation expenses and Plaintiff's counsels' fees and costs; and (5) dismissing the case without prejudice, to convert to a dismissal with prejudice after six months, each party to bear its own fees and costs except as otherwise provided in the Agreement and by Court Order.

Respectfully submitted,

/s Bryan Yaldou
Bryan Yaldou (P70600)
Elaina S. Bailey (P82461)
LAW OFFICE OF BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
*Attorneys for Plaintiffs*

/s Meredith E. Riccio, with consent
Stephanie L. Sweitzer (P66376)
Meredith E. Riccio
MORGAN, LEWIS & BOCKIUS LLP
77 W. Wacker Drive, Suite 500
Chicago, IL 60601
Phone: 312-324-1000
Fax: 312-324-1001
meredith.riccio@morganlewis.com
*Attorneys for Defendant Amazon.com, Inc.*

/s Angela M. Mannarino, with consent
Angela M. Mannarino (P72374)
GASIOREK, MORGAN,
GRECO,MCCAULEY & KOTZIAN, PC
30500 Northwestern Highway, Ste. 425

Farmington Hills, MI 48334
Phone: 248-865-0001
Fax: 248-865-0002
amannarino@gmgmklaw.com
*Attorney for Defendant Nexen Corporation*
*and Defendant Steven Kirka*


Dated: March 29, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GREGORY GRIFFIN,**
on behalf of himself and all other persons similarly situated, known and unknown,

       Plaintiff,

vs.

**NEXEN CORPORATION**, a Michigan for-profit corporation, **STEVEN KIRKA**, a natural person, and **AMAZON.COM, INC.**, a Delaware for-profit corporation,
       Defendants.

Case No: 2:18-cv-12369-LJM-APP
Hon. Laurie J. Michaelson
Magistrate Judge Anthony P. Patti

_____/

Bryan Yaldou (P70600)
Elaina S. Bailey (P82461)
LAW OFFICES OF BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
elaina@yaldoulaw.com
*Attorneys for Plaintiffs*

Angela M. Mannarino (P72374)
GASIOREK, MORGAN,
GRECO, MCCAULEY & KOTZIAN, PC
30500 Northwestern Hwy, Ste. 425
Farmington Hills, MI 48334
Phone: 248-865-0001
Fax: 248-865-0002
amannarino@gmgmklaw.com
*Attorney for Nexen Corp. and Kirka*

Stephanie L. Sweitzer (P66376)
Meredith E. Riccio
MORGAN, LEWIS & BOCKIUS LLP
77 W. Wacker Drive, Suite 500
Chicago, IL 60601
Phone: 312-324-1000
Fax: 312-324-1001
meredith.riccio@morganlewis.com
*Attorneys for Amazon.com, Inc.*

_____/

**BRIEF IN SUPPORT OF JOINT MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT**

i

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................ ii

TABLE OF AUTHORITIES ............................................................... iii

QUESTIONS PRESENTED ................................................................ iv

I.  INTRODUCTION ............................................................................1

II. RELEVANT FACTS .........................................................................2

III. SUMMARY OF THE SETTLEMENT TERMS .............................4

   A. Eligible Settlement Collective Members ...................................4

   B. Notice to Collective Members ...................................................4

   C. Allocation Formula ....................................................................4

   D. Attorneys' Fees and Litigation Costs .......................................5

IV. LAW AND ARGUMENT .................................................................6

   A. Standard of Review.....................................................................6

   B. The Settlement is Fair and Should be Approved ......................7

      *1.   The Settlement is Fair and Reasonable and Lacks Fraud or Collusion in the  Settlement* ........................................................7

      *2.   Complexity, Expense, and Likely Duration of the Litigation*....................8

      *3.   Amount of Discovery Engaged in By the Parties* ....................................10

      *4.   The Likelihood of Success on the Merits*................................................10

      *5.   The Opinions of the Class Counsel and the Class Representatives*.........11

      *6.   Whether the Settlement is the Product of Arm's-Length Negotiations as Opposed to  Collusive Bargaining* .................................................11

      *7.   Whether the Settlement is Consistent with the Public Interest* ...............12

   C. The Attorneys' Fees and Costs are Reasonable and Necessary Under the FLSA Standards and Should Be Approved .........................................13

V. CONCLUSION .................................................................................16

# TABLE OF AUTHORITIES

## Cases

*Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343 (6th Cir. 2000) ....................17

*Arrington v. Mich. Bell Tel. Co*., Case No. 10-10975, 2012 U.S. Dist. LEXIS 157362 (E.D. Mich. Nov. 2, 2012)................................................................ 10, 11

*Crawford v. Lexington-Fayette Urban Cnty. Gov't,* CIV. A. 06-299-JBC, 2008 WL4724499 (E.D. Ky. Oct. 23, 2008) ................................................................10

*Donovan v. Estate of Fitzsimmons*, 778 F.2d 298 (7th Cir. 1985) ..........................16

*Fegley v. Higgins*, 19 F.3d 1126 (6th Cir. 1994).............................................. 16, 17

*Granada Inv., Inc. v. DWG Corp.*, 962 F.2d 1203 (6th Cir. 1992) ........................16

*In re Cardizem C.D. Antitrust Litigation*, 218 F.R.D. 508 (E.D. Mich. 2003) .......12

*In re Rio Hair Naturalize Prods Liab. Litig.*, MDL No. 1055, 1996 U.S. Dist. LEXIS 20440, 1996 WL 780512 (E.D. Mich. 1996)...........................................15

*In re Telectronics Pacing Sys., Inc.* 137 F. Supp. 2d 985 (S.D. Ohio 2001).... 12, 15

*Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007) ......................................................10

*Lakosky v. Disc. Tire Co.*, No. 14-13362, 2015 WL 4617186 (E.D. Mich. July 31, 2015) .................................................................................................................11

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) .... 10, 11

*Moore v. Freeman*, 355 F.3d 558 (6th Cir. 2004)    17

*Rankin v. Rots*, 220 F.R.D. 511 (E.D. Mich. 2006).................................................14

*UAW v. Ford Motor Co*., Case No. 05-CV-73991-DT, 2006 U.S. Dist. LEXIS 70741, 2006 WL 334283 (E.D. Mich. Feb. 13, 2006) .................................. 13, 15

*United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495 (6th Cir. 1984)............................................................................................................17

*Williams v. K&K Assisted Living LLC,* No. 15-cv-11565, 2016 WL 319596 (E.D. Mich. Jan. 27, 2016) ..........................................................................................11

## Statutes

29 U.S.C. § 201 *et seq.*.................................................................................. *passim*

M.C.L. § 408.411 *et seq.*.........................................................................................5

## Rules

Federal Rules of Civil Procedure Rule 23 ...............................................................10

## QUESTIONS PRESENTED

Should this Court APPROVE the Parties' Joint Motion for Approval of the Settlement?

Plaintiffs' Answer: Yes

Defendants' Answer: Yes


Is this settlement fair, reasonable, and adequate?

Plaintiffs' Answer: Yes

Defendants' Answer: Yes

## I.  INTRODUCTION

This is a Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* case. Plaintiff Griffin along with Opt-In Plaintiff Collins (collectively "Plaintiffs"), allege that Defendants Nexen Corporation ("Defendant Nexen"), Steve Kirka ("Defendant Kirka"), and Amazon.com, Inc. ("Defendant Amazon") (collectively "Defendants") (together referred as, the "Parties") have violated the requirements of the federal wage laws. Although Defendants considered the putative Collective Members employees of only Nexen, the Complaint alleges Amazon jointly employed them. While Defendants deny Plaintiffs and the Collective Members are owed any wages, deny and all liability, and deny Amazon jointly employed Plaintiffs and the Collective Members, the Parties have agreed to a settlement, the terms of which are defined and described in the Joint Stipulation for Settlement ("Joint Stipulation") and attached as Exhibit A. This case has been pending for seven months. Following arm's-length negotiations, and the exchange of a significant information, including time records for Plaintiffs and all putative Collective Members, Plaintiffs and Defendants have agreed, subject to Court approval, to resolve this wage and hour lawsuit.

Accordingly, Plaintiffs respectfully request that the Court issue an order: (1) approving the Parties' Joint Stipulation of Settlement and Release (attached hereto as Exhibit A and referred to as "Joint Stipulation" or "Settlement"); (2) conditionally

certifying the collective action under 29 U.S.C. § 216(b) for settlement purposes only; (3) approving the form and manner of notice to putative Collective Members; (4) approving the award of Plaintiffs' litigation expenses and Plaintiffs' counsels' fees and costs; and (5) dismissing the case without prejudice, to convert to a dismissal with prejudice after six months, each party to bear its own fees and costs except as otherwise provided in the Agreement and by Court Order.

## II. RELEVANT FACTS

This matter was originally filed on July 30, 2018. (Doc. #1).[2] The Complaint sets forth a detailed recitation of factual and legal allegations pertaining to Plaintiff Griffin's FLSA claims and the basis for collective action certification. Plaintiff alleges, *inter alia*, that he and other similarly situated employees were not paid at least the minimum wage for all hours worked in violation of federal and state wage laws. Each Defendant denies any and all liability and denies that Amazon was a joint employer of Nexen's employees.

The same day, Plaintiff filed a motion to conditionally certify the collective action and to authorize notice to putative collective action members. (Doc. #2). On

---

[2] The Complaint was filed by two named Plaintiffs, Gregory Griffin and Maxwell McKearnan. Dkt. 1. On October 5, 2018, named Plaintiff McKearnan voluntarily withdrew from this matter. Dkt. 21. Additionally, the Complaint initially alleged violations of the Michigan Workforce Opportunity Wage Act, MCL § 408.411 et seq. ("WOWA") claiming Defendants failed to pay laborers minimum wage in violation of WOWA on behalf of a putative Rule 23 class of individuals. Dkt. 1. Plaintiffs voluntarily dismissed their WOWA Rule 23 claims on March 28, 2019. Dkt. 22.

August 31, 2018, the Parties stipulated to extend the time for Defendants to respond to the Complaint and Motion for Conditional Collective Action Certification in order for the Parties to explore early resolution of the litigation. (Doc. #11).

In October 2018, Defendant Nexen provided Plaintiffs with a list of individuals for which Defendant Nexen had time records. Over the course of the following months, the Parties engaged in settlement negotiations.

With compromises from both sides, the Joint Stipulation now before the Court for approval was reached. The negotiations leading to this settlement were adversarial, non-collusive, and conducted at arm's length. The Parties share an interest in fully and finally resolving the issues raised in this action. Because the Parties recognized the expense and risks associated with prosecution and defense through trial and any possible appeal, as well as the risk of uncertainty of the outcome inherent in any litigation, they agreed to be bound by the Settlement which they now ask this Court to approve.

The Parties have conditioned the overall Settlement upon the Court's approval of all their terms.

## III. SUMMARY OF THE SETTLEMENT TERMS

### A. Eligible Settlement Collective Members

Per the documents produced by Defendant Nexen, there are eight eligible collective members: Gregory Griffin, Jorrell Collins, Cameron Martin, Ian Gregg, Phillip Butler, Rayfield Garrett, Richard Hinojosa, and Wendie Wood.

### B. Notice to Collective Members

The notice sent to Collective Members will notify them of their ability to receive compensation based on the applicable minimum wage rate for the hours that they allegedly worked without pay. The notice shall explain that Collective Members can opt-in to the Action by cashing the check sent to their home within the time frame in the Joint Stipulation, which will provide notice of the opt-in procedure. Exhibit B. Any Collective Members or Plaintiff who do not cash the check sent to them will not partake in the settlement and will not be bound by the settlement or release of any claims.

The amount of any checks not cashed by Collective Members will be retained by Defendant Nexen.

### C. Allocation Formula

Each Collective Member will be issued a check in the following amount:

- Gregory Griffin: $213.60

- Jorrell Collins: $76.54

4

- Cameron Martin: $300.82

- Ian Gregg: $72.98

- Phillip Butler: $74.76

- Rayfield Garrett: $101.46

- Richard Hinojosa: $83.66

- Wendie Wood: $74.79

These amounts were formulated by multiplying the number of hours each Collective Member worked by the applicable minimum wage and then multiplying that amount by two to include liquidated damages. These amounts constitute 100% of each Collective Members' claims under the FLSA. *See* 29 U.S.C. §§ 206, 216(b).

### D. Attorneys' Fees and Litigation Costs

Under the Joint Stipulation, Plaintiffs' Counsel is entitled to $7,500.00 as fees and reasonable costs and expenses.  Exhibit A.  This is subject to Court approval.

Through the prosecution of Plaintiffs' claims, Plaintiffs' Counsel has accrued $9,270.00 in fees and $400.00 in costs. While the reasonable and necessary attorneys' fees and costs Plaintiffs' Counsel has accrued are substantially greater than the amount they are entitled to under the Joint Stipulation, Plaintiffs' Counsel has agreed to settle his fees in order to promptly facilitate the resolution of this matter for Plaintiffs and the Collective Members.

## IV. LAW AND ARGUMENT

### A. Standard of Review

As a general rule, "court approval is required for the settlement of claims for back wages or liquidated damages under the FLSA." *Arrington v. Mich. Bell Tel. Co.*, Case No. 10-10975, 2012 U.S. Dist. LEXIS 157362, at *1 (E.D. Mich. Nov. 2, 2012) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). Therefore, when employees bring a private action for back wages under the FLSA and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. If the settlement is a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* at *2 (internal citations and quotations omitted); *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

When considering FLSA collective action settlements, courts consider factors that are typically considered in Federal Rules of Civil Procedure Rule 23 class action settlements. For example, the Sixth Circuit has identified seven factors that should aid courts in the determination of whether a proposed FLSA settlement is fair, reasonable, and adequate:

> (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of

6

> class counsel and class Representatives; (6) the reaction of
> absent class members; and (7) the public interest.

*Crawford v. Lexington-Fayette Urban Cnty. Gov't,* CIV. A. 06-299-JBC, 2008

WL4724499, at *3 (E.D. Ky. Oct. 23, 2008) (citing *Int'l Union, United Auto.,*

*Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615,

631 (6th Cir. 2007)). The above list is not exhaustive, and courts do not necessarily

apply all of the factors; rather, the factors are guideposts used to determine the

fairness of a proposed settlement. "A court applying these factors must do so in the

context of the actual settlement." *Arrington*, 2012 U.S. Dist. LEXIS 157362, at *3.

## B. The Settlement is Fair and Should be Approved

### 1.    *The Settlement is Fair and Reasonable and Lacks Fraud or Collusion in the Settlement*

In the instant case, there is a *bona fide* dispute regarding whether Defendants

violated the FLSA. Plaintiffs allege Defendants violated the FLSA by failing to the

Collective Members at least the minimum wage for all hours worked in a workweek.

Defendants deny all such claims. Specifically, Plaintiffs and Defendants disagree

on: whether any purported violation of the FLSA by Defendants was willful; whether

Defendants acted in good faith; and whether Amazon was a joint employer of

Plaintiffs and the Collective Members such that there is FLSA coverage as to the

Amazon. Where a disputed claim exists, Courts have found that settlement resolves

a bona fide dispute and approved FLSA settlements. *E.g.*, *Williams v. K&K Assisted Living LLC,* No. 15-cv-11565, 2016 WL 319596, at *2 (E.D. Mich. Jan. 27, 2016).

The settlement will also eliminate the risks and costs both sides would bear if this litigation continued to resolution on the merits. Defendant Nexen provided documentation and other data in support of its position. In agreeing upon the proposed settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

As is evident from the amount to be paid to Plaintiffs and the Collective Members in this settlement, it is clear there was no fraud or collusion. Under these circumstances, the Agreement should be approved. *See Lakosky v. Disc. Tire Co.*, No. 14-13362, 2015 WL 4617186, at *2 (E.D. Mich. July 31, 2015) (approving FLSA settlement where, "[t]here is no indication that the parties reached the agreement by virtue of anything other than vigorous, arms-length negotiations.").

2.   *Complexity, Expense, and Likely Duration of the Litigation*

In evaluating a proposed FLSA settlement, the court also must weigh the risks, expense, and delay Plaintiffs would face if they continued to prosecute the litigation through trial and potentially appeal against the amount of recovery provided to the class in the proposed settlement. *In re Cardizem C.D. Antitrust Litigation*, 218 F.R.D. 508, 523 (E.D. Mich. 2003). Courts have consistently held that the expense

8

and possible duration of litigation are major factors to be considered in evaluating the reasonableness of a settlement. *See e.g., In re Telectronics Pacing Sys., Inc.* 137 F. Supp. 2d 985, 1013 (S.D. Ohio 2001). For class actions and collective actions in particular, courts view settlement favorably because it "avoids the costs, delays and multitudes of other problems associated with them." *Id.* at 1013.

Here, if not for the settlement, the case would have continued to be fiercely contested by the Parties. The settling Defendants, whom are represented by capable and well-versed counsel, have demonstrated the commitment to defend the case through trial and beyond trial, if necessary. The expense of continued litigation would be substantial. The Parties would have to complete a lengthy and extensive trial. Any trial could run several weeks and involve numerous witnesses including Plaintiffs, other putative Collective Members, management of Defendants' respective companies, Defendants' respective employees, vocational experts, and accountants. Further litigation would most certainly include the introduction of voluminous documentary and deposition evidence, vigorously contested motions, and the expenditure of enormous amounts of judicial resources. Avoiding such unnecessary expenditure of time and resources clearly benefits both the Parties and the Court. *See UAW v. Ford Motor Co.*, Case No. 05-CV-73991-DT, 2006 U.S. Dist. LEXIS 70741, 2006 WL 334283, at *70 (E.D. Mich. Feb. 13, 2006) ("The costs and uncertainty of lengthy and complex litigation weigh in favor of settlement.").

Additionally, the value of an immediate recovery for the Collective Members here outweighs the possibility of future relief after protracted and expensive litigation.

3.    *Amount of Discovery Engaged in By the Parties*

Throughout the settlement negotiations, the Parties engaged in discovery. This discovery included time records provided by Defendant Nexen for the hours worked by Plaintiff and the Collective Members. This amount of discovery was sufficient to induce the Parties to reach a fair, reasonable, and adequate settlement of 100% of Plaintiff and the Collective Members' damages and a significant share of their attorney's fees.

4.    *The Likelihood of Success on the Merits*

The Plaintiffs' likelihood of success on the merits and the amount they would be awarded is uncertain, which provides further evidence that this settlement is fair and appropriate.

Plaintiffs assert, and Defendants deny, the putative collective action members are owed compensation due to Defendants' alleged violations of the FLSA. The range of possible recovery is open to dispute. Even if Plaintiffs succeed on the merits of their claims, which would require substantial additional time and an exercise of resources by both sides, the specific amount of their recovery is uncertain. Thus, this settlement is a fair and reasonable in relation to the potential risks and recovery in this case.

5.    *The Opinions of the Class Counsel and the Class Representatives*

Plaintiffs' Counsel and the Named Plaintiffs are of the opinion that this proposed settlement is a fair and reasonable compromise. In deciding whether a proposed settlement warrants approval, "[t]he Court should also consider the judgment of counsel and the presence of good faith bargaining between the contending parties." *Rankin v. Rots*, 220 F.R.D. 511 (E.D. Mich. 2006). Plaintiffs' Counsel has extensive experience in handling FLSA collective action cases and has thoroughly investigated and analyzed the claims alleged in these actions. He has made informed judgments regarding the Settlement and believes that it is fair, reasonable and adequate.

6.    *Whether the Settlement is the Product of Arm's-Length Negotiations as Opposed to  Collusive Bargaining*

Plaintiff first came to the Law Offices of Bryan Yaldou, PLLC, in January 2018.  Plaintiffs' Counsel spent approximately seven months investigating the claims, including assessing their similarly situatedness to other employees of Defendant Nexen that came forward to pursue claims that arose out of their alleged employment. Plaintiff filed his original Complaint in July 2018 (Doc. #1) and have litigated this case over the course of the last eight months. This involved investigation, informal discovery, and settlement negotiations. In short, no settlement occurred until Plaintiffs' Counsel possessed sufficient information to

make an informed judgment regarding the likelihood of success on the merits and the results that could be obtained.

Without evidence to the contrary, the Court may presume that settlement negotiations were conducted in good faith and that the resulting agreements were reached without collusion. *Telectronics,* 137 F. Supp. 2d at 1018 ("Courts respect the integrity of counsel and presume the absence of fraud or collusion in negotiating the settlement, unless evidence to the contrary is offered."). *See also UAW,* 2006 WL 334283, at * 74-75; *In re Rio Hair Naturalize Prods Liab. Litig.*, MDL No. 1055, 1996 U.S. Dist. LEXIS 20440, 1996 WL 780512, at * 43 (E.D. Mich. 1996). Far from collusion, the current settlement has been forged through arm's-length negotiations.

## 7.   *Whether the Settlement is Consistent with the Public Interest*

The final factor that courts consider in evaluating a settlement is whether the settlement is consistent with the public interest. "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources.*" Granada Inv., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992). This is particularly true when the substantive issues of the case "reflect a broad public interest in the rights to be vindicated or the social or economic policies to be established." *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 307 (7th Cir. 1985).

12

Here, it is certainly in the public interest to approve this settlement. The settlement resolves Plaintiffs' claims in exchange for 100% of their damages, provides certainty to the settling Defendants, and eases the burdens on the already heavily-taxed courts. In sum, given the complexity, expense, likely duration and risks of litigation, the state of the proceedings to date, the negotiations leading up to, and the ultimate terms of the Settlement, the proposed settlement is fair, adequate and reasonable.

### C. The Settlement is Fair and Reasonable Under the FLSA Standards and Should be Approved

Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *See Lynn's*, 679 F.2d at 1353-54. Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *Id.* If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *Id.* Collective actions under Section 216(b) of the FLSA require employees to affirmatively opt-in to the litigation, unlike in a Federal Rule of Civil Procedure 23 Class action. *See Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013); *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009). Because under the FLSA "parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date," *McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984), *abrogated by Hoffman-*

*La Roche Inc. v. Sperling,* 493 U.S. 165 (1989), FLSA collective actions do not implicate the same due process concerns as Rule 23 actions. *See Thompson v. Bruister & Assocs., Inc.,* 967 F. Supp. 2d 1204, 1222 (M.D. Tenn. Aug. 23, 2013). Accordingly, the exacting standards for approval of a Class action settlement under Rule 23 do not apply to an FLSA settlement under the collective action provisions of 29 U.S.C. § 216(b). Furthermore, "settlement is the preferred means of resolving litigation." *Crawford v. Lexington-Fayette Urban Cnty. Gov't,* CIV. A. 06-299-JBC, 2008 WL 4724499, at *9 (E.D. Ky. Oct. 23, 2008) (FLSA collective action).

The FLSA settlement in this case meets the standard for approval. The settlement was the result of contested litigation with discovery exchanged and arm's-length negotiations. Recognizing the uncertain legal and factual issues involved, the Parties reached the settlement after negotiation. At all times during the settlement negotiation process, negotiations were conducted at arm's-length. Moreover, "[t]he endorsement of the parties' counsel is entitled to significant weight." *UAW v. Gen. Motors Corp.*, No. 05 Civ. 73991, 2006 WL 891151, at *18 (E.D. Mich. Mar. 31, 2006).

The settlement amount provides full recovery for the time worked. It reflects damages owed to each Collective Member based on how much they worked for Defendant Nexen, which is a reasonable approximation of each of their damages.

Accordingly, this Settlement constitutes a substantial recovery for all Collective Members.

### D.  The Attorneys' Fees and Costs are Reasonable and Necessary Under the FLSA Standards and Should Be Approved

Under the FLSA, attorneys' fees are mandatory to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such [FLSA] action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action") (emphasis added); *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). The purpose of the § 216(b) mandatory fees provision is to insure effective access to the judicial process. *United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984). Congress intended that the wronged employee should receive his or her full wages "without incurring any expense for legal fees or costs." *Id.* The Sixth Circuit has adhered to the view that attorneys' fees in a FLSA action serves a larger goal because it "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134-35 (internal citation omitted).

The lodestar (the number of hours worked times the attorney's regular hourly rate) is the most common method of determining a reasonable attorney's fee under the FLSA. *Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir. 2004) (citing *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)). As of March 1, 2019, Plaintiffs' attorneys' lodestar is approximately $10,886.00. Plaintiffs'

15

attorneys declare that they have spent 37.10 hours prosecuting Plaintiffs' claims as of March 1, 2019. Exhibit C. Counsel represents that two attorneys, Attorney Bryan Yaldou and Attorney Elaina Bailey, have worked on this case, along with one paralegal, Drew Miller. Attorney Yaldou's customary rate is $600.00 per hour, Attorney Bailey's is $300.00 per hour, and Mr. Miller's is $80.00 per hour. Per the settlement, Plaintiff's Counsel will receive $7,500.00, or approximately 69% of Counsel's lodestar. This results in a negative multiplier which is typically evidence that there was no collusion in the negotiation of fees and that they fees are fair and reasonable. *See, e.g., Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 690 (N.D. Cal. 2016) (finding that Class Counsel's requested award of $52,500.00 was reasonable by comparing its lodestar of $76,725.00).

Accordingly, this Court should approve Plaintiff's requested fees and costs of $7,500.00.

## V. CONCLUSION

For the reasons set forth above, the Parties respectfully request that the Court issue an order (a proposed order is attached as Exhibit D): (1) approving the Parties' Joint Stipulation of Settlement and Release (attached hereto as Exhibit A and referred to as "Joint Stipulation" or "Settlement"); (2) conditionally certifying the collective action under 29 U.S.C. § 216(b) for settlement purposes only; (3) approving the form and manner of notice to putative Collective Members; (4)

approving the award of Plaintiffs' litigation expenses and Plaintiffs' counsels' fees

and costs; and (5) dismissing the case without prejudice, to convert to a dismissal

with prejudice after six months, each party to bear its own fees and costs except as

otherwise provided in the Agreement and by Court Order.


Respectfully Submitted,

s/ Bryan Yaldou
Bryan Yaldou (P70600)
Elaina S. Bailey (P82461)
LAW OFFICE OF BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
*Attorneys for Plaintiffs*


s/ Meredith E. Riccio, with consent
Stephanie L. Sweitzer (P66376)
Meredith E. Riccio
MORGAN, LEWIS & BOCKIUS LLP
77 W. Wacker Drive, Suite 500
Chicago, IL 60601
Phone: 312-324-1000
Fax: 312-324-1001
meredith.riccio@morganlewis.com
*Attorneys for Defendant Amazon.com DEDC LLC and*
*Defendant Amazon.com, Inc.*

s/ Angela M. Mannarino, with consent
Angela M. Mannarino (P72374)
GASIOREK, MORGAN,
GRECO & MCCAULEY, PC

30500 Northwestern Highway, Ste. 425
Farmington Hills, MI 48334
Phone: 248-865-0001
Fax: 248-865-0002
amannarino@gmgmklaw.com
*Attorney for Defendant Nexen Corporation*
*and Defendant Steven Kirka*


Dated: March 29, 2019