# Exhibit A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GREGORY GRIFFIN,
on behalf of himself and all other
persons similarly situated, known and
unknown,

        Plaintiffs,

     v.

NEXEN CORPORATION, a Michigan
for-profit business, STEVEN KIRKA,
a natural person, and AMAZON.COM,
INC., a Delaware for-profit
corporation,

        Defendants.

Case No.:  2:18-cv-12369
Judge Laurie J. Michelson
Magistrate Judge Anthony P. Patti

| | |
|---|---|
| Bryan Yaldou (P70600)<br>Omar Badr (P70966)<br>THE LAW OFFICES OF<br>BRYAN YALDOU, PLLC<br>23000 Telegraph, Suite 5<br>Brownstone, MI  48134<br>Tel:  +1.734.692.9200<br>Fax: +1.734.692.9201<br>bryan@yaldoulaw.com<br><br>*Attorneys for Plaintiff* | Angela Mannarino (P72374)<br>GASIOREK, MORGAN, GRECO,<br>MCCAULEY & KOTZIAN<br>30500 Northwestern Highway<br>Suite 425<br>Farmington Hills, Michigan 48334<br>Tel: +1.248.865.0001<br>Fax: +1.248.865.0002<br>amannarino@gmgmklaw.com<br><br>*Attorneys for Defendant Nexen<br>Corporation and Steven Kirka* |
| | Stephanie L. Sweitzer (P66376)<br>Meredith E. Riccio<br>MORGAN, LEWIS & BOCKIUS LLP<br>77 West Wacker Drive, Fifth Floor<br>Chicago, IL  60601<br>Tel: +1.312.324.1000 |

Fax: +1.312.324.1001
stephanie.sweitzer@morganlewis.com
meredith.riccio@morganlewis.com

*Attorneys for Defendant Amazon.com, Inc.*

## JOINT STIPULATION AND SETTLEMENT AGREEMENT FOR CLASS AND COLLECTIVE ACTION CLAIMS

This Joint Stipulation and Settlement Agreement for Class and Collective Action Claims ("Settlement Agreement") is made by and between Plaintiff Gregory Griffin ("Plaintiff Griffin"), on behalf of himself, individually and on behalf of the collective action members he seeks to represent under Section 16(b) of the Fair Labor Standards Act ("Collective Members") along with Opt-In Plaintiff Jorrell Collins ("Plaintiff Collins") (collectively "Plaintiffs"), and Defendants Nexen Corporation ("Nexen"), Steve Kirka ("Kirka"), and Amazon.com, Inc. ("Amazon") (collectively, "Defendants") (Plaintiffs, Collective Members and Defendants are collectively referred to as the "Parties"), in the above-captioned action ("Action").

## I.      PROCEDURAL HISTORY

On July 30, 2018, Plaintiff Griffin filed this Action in the United States District Court for the Eastern District of Michigan, on behalf of himself and others similarly situated, alleging that Defendants violated the Fair Labor Standards Act,

29 U.S.C. 201, *et. seq.*, ("FLSA").[1]  Dkt. 1.  More specifically, Plaintiff Griffin alleged that Defendants violated the minimum wage provisions of the FLSA by failing to pay for all time worked at minimum wage.  Plaintiff Griffin filed his motion for conditional certification simultaneously with the Complaint.  Dkt. 2. Defendants filed their respective Answers to the Complaint on October 10, 2018. Dkts. 15, 16.  Defendants deny the allegations, and deny that Defendant Amazon is or was a joint employer of any of Defendant Nexen's employees.

On or around October 2018, the Parties expressed a mutual desire to explore early resolution of this matter.  Subsequently in November 2018, the Parties filed a joint motion to stay proceedings, including but not limited to briefing on the motion for conditional certification, to allow the Parties to engage in settlement discussions. The Parties have since filed, and the Court has entered, two additional stipulations extending the stay to resolve the matter, and two stipulations extending the Parties' time to file the motion for preliminary approval and related papers, up to and including March 29, 2019.

---

[1] The Complaint was filed by two named Plaintiffs, Gregory Griffin and Maxwell McKearnan. Dkt. 1.  On October 5, 2018, named Plaintiff McKearnan voluntarily withdrew from this matter. Dkt. 21. Additionally, the Complaint initially alleged violations of the Michigan Workforce Opportunity Wage Act, MCL § 408.411 *et seq.* ("WOWA") claiming Defendants failed to pay laborers minimum wage in violation of WOWA on behalf of a putative Rule 23 class of individuals.  Dkt. 1.  Plaintiffs voluntarily dismissed their WOWA Rule 23 claims on March 28, 2019.  Dkt. 22.

On various dates since October 2018, the Parties discussed potential settlement, and Defendant Nexen produced time and payroll records for all laborers employed by Defendant Nexen in Michigan during the class period.  Plaintiffs' counsel used this data to calculate the amount of minimum wages allegedly owed to Plaintiffs and all Collective Members.  On or about February 1, 2019, the Parties agreed on a resolution of the collective action claims raised in the Complaint.

## II.   DEFINITION OF "COLLECTIVE MEMBERS"

As part of this settlement, the Parties will ask the Court to certify, for settlement purposes only, a "Settlement Collective" under the FLSA, 29 U.S.C. §216(b) composed of the following "Collective Members":

> All employees of Defendant Nexen who worked at any time during the past three years as laborers loading and unloading packages for Defendant Nexen at Amazon's warehouse in Hazel Park, Michigan.

Section V.5. of this Settlement Agreement identifies all currently known members of the Settlement Collective.  To the extent the definition of Collective Member and Section V.5. conflict, Section V.5. shall control to identify all Collective Members. Plaintiffs also ask the Court to appoint Bryan Yaldou and Elaina Bailey as Class Counsel and Plaintiff Gregory Griffin as the Collective Representative.

## III.   BENEFITS OF SETTLEMENT TO COLLECTIVE MEMBERS

Defendants expressly deny any liability or wrongdoing of any kind associated with the claims in the Action and maintain that they have complied with all

4

applicable laws at all times. Plaintiffs recognize the expense and length of the proceedings necessary to continue the litigation against Defendants through trial and through any possible appeals. Plaintiffs have taken into account the uncertainty and risk of the outcome of further litigation, the defenses raised by Defendants, and the difficulties and delays inherent in litigation. In addition, this Settlement Agreement will provide a monetary settlement for Collective Members without requiring Collective Members to submit a claim form. Based on the foregoing, Plaintiffs and Class Counsel have determined the Settlement set forth in this Settlement Agreement is a fair, adequate, and reasonable settlement, and it is in the best interests of the Collective Members.

## IV. DEFENDANTS' REASONS FOR SETTLEMENT

As noted above, though Defendants deny any liability or wrongdoing of any kind associated with the claims in the Action, they have nonetheless concluded that any further defense of this litigation would be protracted and expensive for all Parties. Unless this Settlement is made, Defendants will need to devote substantial amounts of time, energy, and resources to the defense of the claims asserted by Plaintiffs. Defendants also have taken into account the uncertainty and risk of further litigation. Defendants have, therefore, agreed to settle in the manner and upon the terms set forth in this Settlement Agreement to put to rest the Claims as set forth in the Action.

## V.   <u>SETTLEMENT TERMS</u>

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among the Plaintiffs, on behalf of the Collective Members, on the one hand, and Defendants, on the other hand, and subject to the approval of the Court, that the Action hereby be compromised and settled pursuant to the terms and conditions set forth in this Settlement Agreement and that upon the Approval (as defined below), the Action shall be dismissed without prejudice and convert to a dismissal with prejudice after six months of being entered, subject to the recitals set forth hereinabove which, by this reference, become an integral part of this Settlement Agreement and subject to the following terms and conditions:

### 1.   <u>Approval Date and Effective Date</u>

As used in this Settlement, "Approval" means the date by which this Settlement is approved as provided herein and the Court enters a Judgment and Order of Dismissal ("Judgment").  The term "Effective Date" means the first date after the Judgment by the Court approving this Settlement Agreement is no longer appealable, or if an appeal has been filed, the date on which the appeal is final.  Notwithstanding the foregoing, the Parties agree to waive all rights to appeal on entry of Judgment. Accordingly, where the Judgment entered by the Court grants full relief sought by the Parties, as set forth in the Settlement Agreement and in the absence of any objection, the Effective Date shall be the date of the Judgment.

## 2.    **Direct Payment to Collective Members**

Plaintiffs and Collective Members shall not be required to submit a claim form to participate in this Settlement.  Collective Members will receive a check for their ratable share of the "Net Settlement Awards Fund," as defined in Paragraph V.5(a).

## 3.    **Release of Claims**

(a)    All Collective Members

Following the Court's approval of this Settlement Agreement, Collective Members shall release and discharge Defendants and their former and present parents, subsidiaries, and affiliated corporations, and their officers, directors, employees, partners, shareholders, members and agents, and any other successors, assigns, or legal representatives ("Released Parties") from all claims arising under the FLSA, 29 U.S.C. §201 *et seq.* and all state and local wage and hour laws by negotiating their Settlement Checks.

All Settlement Checks shall contain on the back of the check, the following limited endorsement:

> I understand that I have up to [INSERT DATE 90 DAYS FROM MAILING] to sign and cash this Settlement Check. By endorsing and/or redeeming this check, I consent to join the Fair Labor Standards Acts claims in the case entitled *Griffin v. Nexen Corp., et al.*, No. 2:18-cv-12369, pending in the United States District Court for the Eastern District of Michigan, and agree to be bound by the Settlement Agreement in that case and hereby release Defendants from all claims that I might have for or relating to unpaid wages or overtime pay under federal and state laws, through March 29, 2019.

7

The Order of Approval shall state that the effect of this endorsement and/or redeeming of the check by a Collective Member is to act as a properly filed Consent to join the Fair Labor Standards Act claims in the Action.

### 4.    Settlement Fund

The term "Settlement Fund" shall refer to all funds that will be distributed to the Plaintiffs, Collective Members, and Class Counsel, in accordance with Paragraphs V.5-V.9 below.  The Settlement Fund shall not exceed $8,498.61, which represents (i) payment of minimum wages and damages alleged to be owed to Plaintiff and Collective Members and (ii) Class Counsel's attorneys' fees and costs. Payments from the Settlement Fund shall be issued to Plaintiffs, Collective Members, and Class Counsel directly from Defendant Nexen.  No other funds shall be added to or comingled with the Settlement Fund.

### 5.    Allocation of Settlement Fund

(a)    The amount available from the Settlement Fund for Plaintiffs', and Collective Members' minimum wages and damages ("Net Settlement Awards Fund") shall be the Settlement Fund minus the amounts paid to Class Counsel for attorneys' fees and costs.

(b)    Plaintiffs' and Collective Members' ratable share of the Net Settlement Awards Fund, estimated to equal $998.61, has been calculated by

reviewing the time and pay records and multiplying the hours worked by the applicable minimum wage rate for those hours worked.[2]

(c)     The Settlement Fund shall be allocated as follows, subject to Court approval:

(1)     Payment of Two Hundred Thirteen Dollars and Sixty Cents ($213.60) to Plaintiff Gregory Griffin;

(2)     Payment of Seventy-Six Dollars and Fifty-Four Cents ($76.54) to Opt-In Plaintiff Jorell Collins;

(3)     Payment of Three Hundred Dollars and Eighty-Two Cents ($300.82) to Collective Member Cameron Martin;

(4)     Payment of Seventy-Two Dollars and Ninety-Eight Cents ($72.98) to Collective Member Ian Gregg;

(5)     Payment of Seventy-Four Dollars and Seventy-Six Cents ($74.76) to Collective Member Phillip Butler;

(6)     Payment of One Hundred One Dollars and Forty-Six Cents ($101.46) to Collective Member Rayfield Garrett;

---

[2] Anthony Hegedus and Maxwell McKearnan are excluded from distributions to the Collective Members.  Anthony Hegedus is the named Plaintiff in another settled lawsuit in the Eastern District of Michigan, and thus has waived his claims for recovery in this lawsuit.  Maxwell McKearnen opted out of this Action on October 5, 2018.  Dkt. 14.

(7)    Payment of Eighty-Three Dollars and Sixty-Six Cents ($83.66) to Collective Member Richard Hinojosa;

(8)    Payment of Seventy-Four Dollars and Seventy-Nine Cents ($74.79) to Collective Member Wendie Wood;

(9)    A sum of Seven Thousand Five Hundred Dollars ($7,500.00) in reasonably incurred fees and costs to be paid for Class Counsel's attorneys' fees and litigation costs (as explained in Paragraph V.8 below);

(d)    Under no circumstance will Defendants' settlement liability, other than Defendant Nexen's share of employer payroll taxes, exceed the Settlement Fund.

**6.    Plan of Allocation for Payment to Collective Members**

(a)    For income and payroll tax purposes, the Parties agree that fifty percent (50%) of each Net Settlement Award shall be allocated as wages (which shall be subject to required withholdings and deductions and reported as wage income as required by law), and the remaining fifty percent (50%) of each Net Settlement Award shall be allocated as penalties, liquidated and other non-wage recovery damages (which shall not be subject to required withholdings and deductions and shall be reported as non-wage income as required by law). Defendant Nexen shall be responsible for withholding the employee's share of any applicable payroll taxes from that portion of each Net Settlement Award allocated

to wages. No taxes shall be withheld from that portion of each Net Settlement Award allocated to penalties and/or liquidated damages. Defendant Nexen shall pay, separate and apart from the Settlement Fund, the employer's share of all applicable state and federal payroll taxes on the checks distributed to Plaintiffs and Collective Members for the wage payment portion of their Settlement Awards. Defendant Nexen shall issue to each Collective Member who receives and cashes a Settlement Award check a Form W-2, reporting the portion of the Settlement Award allocated to wages, and a Form 1099, reporting the portion of the Settlement Award allocated to penalties and/or liquidated damages. Other than the withholding and reporting requirements herein, Collective Members shall be solely responsible for the reporting and payment of their share of any federal, state and/or local income or other taxes on payments received pursuant to this Settlement Agreement.

(b)     Defendant Nexen shall be responsible for determining the employer's share of payroll employment taxes on Settlement Payments to Plaintiffs and Collective Members.

(c)     In the event a tax authority subsequently determines any Plaintiff or Collective Member owes any additional taxes with respect to any money distributed under this Settlement Agreement, it is expressly agreed that the determination of any tax liability is between the Plaintiff(s) and/or Collective Member(s) and the tax authorities, and Defendants will not be responsible for the

11

payment of such taxes, including any interest and penalties. No payments made to Plaintiff(s) and/or Collective Members in this Settlement Agreement will be considered wages for purposes of calculating, or recalculating, benefits provided by Defendant Nexen under the terms or conditions of any employee benefit plan.

### 7. Timeline of Settlement Events

Following the Parties' joint motion for approval of the settlement, the Parties contemplate the following timeline for settlement events listed. The date of Approval is the base timeline for all actions.

(a) Within forty-five (45) days of the date of Approval, Defendant Nexen will mail a "Class Notice" to the last known addresses for all Collective Members in accordance with Paragraph V.12 of this Settlement Agreement. Defendant Nexen will provide the list of Collective Members along with the last four digits of the Social Security Number or tax identification number and last known address they used while working for Defendant Nexen to Class Counsel.

(b) Simultaneous with the Class Notice mailing, (within forty-five (45) days after Approval), Defendant Nexen will distribute: (i) a check issued to Class Counsel for their award of attorneys' fees and costs; and (ii) settlement checks to all Collective Members from the Net Settlement Award Funds for the amounts indicated in Paragraph V.5. Defendant Nexen will notify Class Counsel when the Class Notice and settlement checks are mailed.

(c)     The deadline for recipients to cash checks will be ninety (90) days from the date the checks are issued by Defendant Nexen.

(d)     Any uncashed checks will be retained by Defendant Nexen as set forth in Paragraph V.16 of this Settlement Agreement.

8.     **Fees Award**

(a)     As a part of the Parties' joint motion for approval of the settlement, Class Counsel seeks a portion of the Settlement Fund as attorneys' fees and costs in the amount of Seven Thousand Five Hundred Dollars ($7,500.00). Defendants agree not to oppose a request by Class Counsel for Court approval of a fees and costs award from the Settlement Fund in this amount.

(b)     The fees and costs award approved by the Court shall be paid by Defendants to Class Counsel from the Settlement Fund as set forth in Paragraphs V.5(c) and V.8 hereof.

(c)     The payment of the fees and costs award to Class Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney or law firm for attorneys' fees, expenses or costs in the Action incurred by any attorney on behalf of the Plaintiffs and the Collective Members, and shall relieve Defendants, the Released Parties, and Defendants' Counsel of any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses and/or costs to which any of them may claim to be entitled on behalf of the Plaintiffs and

the Collective Members.  In exchange for such payment, Class Counsel will release and forever discharge any attorneys' lien on the Settlement Fund.

(d)     Class Counsel's request for attorneys' fees and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to Class Counsel's request for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on this Agreement.

## 9.     **Responsibilities of Defendants**

Defendants shall:

(a)     Perform all duties as stated in this Settlement Agreement.

(b)     Refrain from initiating communications with Plaintiffs and Collective Members regarding the Settlement.  In the event any Collective Member communicates with any Defendant, managers, or attorneys regarding the Settlement, such Defendant shall make its best effort to direct the individual to contact Class Counsel.

## 10.     **Additional Claims**

No person shall have any claim against Defendants, Defendants' Counsel, Plaintiffs, Collective Members, or Class Counsel based on distributions and payments made in accordance with this Settlement Agreement.

14

11. __Notice/Approval of Settlement and Settlement Implementation__

As part of this Settlement, the Parties agree to the following procedures for obtaining Court approval of the Settlement notifying Collective Members, and processing the settlement payments:

(a)      <u>Motion for Approval</u>.  Plaintiffs shall move for Approval of the Settlement ("Approval" or "Order") as soon as practicable.  In conjunction with the motion, Plaintiffs will submit this Settlement Agreement, which sets forth the terms of this Settlement, and will include proposed forms of all notices and other documents as attached hereto necessary to implement the Settlement Agreement.

(b)      <u>Notice to Collective Members</u>.  Notice of the Settlement shall be provided to Collective Members, using the following procedures:

(i)      <u>Defendant Nexen</u>.  Defendant Nexen shall administer the Settlement on the timetable stated in Paragraph V.7 of this Settlement Agreement and for such other tasks as the Parties mutually agree or the Court orders to be performed in the administration of the Settlement.

(ii)      <u>Notice and Settlement Checks to Collective Members</u>.  On the timetable specified in Paragraph V.7 of this Settlement Agreement, Defendant Nexen shall send a copy of the Notice, attached hereto as Exhibit AA, and settlement checks, with the opt-in notice specified in Paragraph 3(a), to Collective Members via First Class regular U.S. mail.  The Notice and settlement checks will be mailed using the last-known mailing address information in Defendant Nexen's possession.  Defendant Nexen shall promptly conduct a second mailing for any Collective Member whose Notice and settlement check are returned as undeliverable within thirty (30) days of the date of the initial mailing, provided that a

15

forwarding address is provided by the U.S. Postal Service. If, after this second mailing, the Notice and settlement check are again returned as undelivered, or if no other forwarding address is available, the notice mailing process shall end for that Collective Member.

(iii)   <u>Settlement Agreement Review.</u>   The Notice will explain that Collective Members may a copy of the Settlement Agreement from Class Counsel.

(iv)   <u>Update of Contact Information</u>.   Collective Members may contact Class Counsel to update their contact information. Collective Members will be asked to provide the last four digits of the Social Security Number or tax identification number and last known address they used while working for Defendant Nexen to confirm their identity when updating their address by telephone.

## 12.   **Procedure for FLSA Opt-Ins**

Pursuant to the FLSA, each Collective Member who cashes a Settlement Check thereby gives his/her consent in writing to become a party plaintiff in the FLSA collective action claims asserted in the Complaint in accordance with 29 U.S.C. § 216(b). The Notice shall provide that Collective Members who endorse any Settlement Check thereby consent in writing to become a party plaintiff in this action pursuant to 29 U.S.C. § 216(b). After the 90-day period for Collective Members to cash checks has expired, the Parties shall file with the Court either the names of all persons who have cashed a Settlement Check and/or copies of the endorsed Settlement Checks which shall operate as such Collective Members' consent to become a party to the FLSA claims asserted in the Complaint. The Parties agree that the procedures set forth in this paragraph shall constitute compliance with

16

the requirements under 29 U.S.C. § 216(b) that persons opting in to an FLSA collective action consent in writing and that such consent be filed with the Court.

### 13. Entry of Judgment

Along with the Parties' joint motion for approval of the settlement, the Parties have presented a Judgment and Order of Dismissal to the Court for its approval, attached hereto as Exhibit AB.

### 14. Undistributed Settlement Awards

(a) Defendant Nexen will deliver the settlement checks to Collective Members' most recent known address and will forward any returned checks to any address provided by the U.S. Postal Service, the Collective Member, or otherwise identified by Class Counsel.

(b) Collective Members will have ninety (90) days after the issuance of the checks by Defendant Nexen to cash their checks. Defendant Nexen will issue checks that on their face are not valid more than ninety (90) days after their date of issuance. If any Collective Member's settlement check is not cashed within that 90-day period, the check will be void. In such event, any Collective Member whose check was not cashed will be deemed to have waived irrevocably any right or claim to his or her payment from the Settlement Fund.

(c) If the Settlement Administrator is unable to deliver a settlement check to a Collective Member, or if a check remains uncashed within the ninety (90)

day period, the amount of such settlement checks will be retained by Defendant Nexen.

### 15. **Defendants' Legal Fees and Settlement Administration Costs**

All of Defendants' own legal fees, costs and expenses incurred in this Action shall be borne by Defendants. The Parties agree to cooperate in the Settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the Settlement.

### 16. **Nullification of Settlement Agreement**

This Settlement Agreement is contingent upon the approval and certification by the Court of the Settlement Collective for settlement purposes. Defendants do not waive, and instead expressly reserve, all rights and defenses in the Action, including without limitation their right to challenge the propriety of collective action and/or class certification on any ground and to contest the merits of Plaintiffs' claims as if this Settlement Agreement had not been entered into by the Parties in the event: (i) the Court does not enter the Order specified herein; (ii) the Court does not approve the Settlement Agreement as provided herein; (iii) the Court does not enter a Judgment as provided herein, which becomes final as a result of the occurrence of the Approval; or (iv) the Settlement Agreement does not become final for any other reason. In such a case, this Settlement Agreement shall be null and void; any order or judgment entered by the Court in furtherance of this Settlement Agreement shall

18

be treated as void *ab initio*; the Parties and any funds to be awarded under this Settlement Agreement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Settlement Agreement; and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed.  Further, Plaintiffs shall be precluded from attempting to offer as evidence in any subsequent proceedings that the stipulated class for settlement purposes is a basis to support class certification for any purpose.  All negotiations and information and materials pertaining in any way to this Agreement or the settlement of the Action will be inadmissible and remain confidential to the fullest extent permitted by law. In the event an appeal is filed from the Court's Judgment, or any other appellate review is sought prior to the Approval, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

Notwithstanding the foregoing, if any order entered in this Action results in materially modifying, setting aside, or vacating any portion of the Settlement Agreement, with the exception of any modification of the amount of attorneys' fees and costs to be paid to Class Counsel, each party adversely impacted by the order or failure shall have the absolute right, at its sole discretion, to treat such order or failure as an event permanently preventing Approval.  To exercise this right, the party must inform the other party, in writing, of the exercise of this right, within fourteen (14) days of receiving notice of any order modifying, setting aside, or vacating any

portion of this Settlement Agreement.  Before either party elects to exercise its right to treat such order as an event permanently preventing Approval, that party must meet and confer in good faith with the other party to determine if an agreement can be reached modifying this Settlement Agreement to the mutual satisfaction of the Parties.

### 17. <u>Certification of Distribution of Settlement Checks</u>

Defendant Nexen shall provide Class Counsel with an accounting of the proceeds disbursed and its withholding of every employees' share of any applicable payroll taxes from that portion of each Net Settlement Award allocated to wages, upon request by Class Counsel.

### 18. <u>No Effect on Employee Benefits</u>

The Settlement payments paid to Plaintiffs and Collective Members shall be deemed not to be pensionable earnings and shall not have any effect on the eligibility for, or calculation of, any of the employee benefits (*e.g.*, 401(k) plans, retirement plans, etc.) of Plaintiffs and Collective Members. The Parties agree that any Settlement payments paid to Plaintiffs and Collective Members under the terms of this Settlement Agreement do not represent any modification of their previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare benefit plan sponsored by Defendant Nexen. Further, any Settlement payments paid to former employees hereunder shall not be

considered "compensation" in any year for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan or employee welfare benefit plan sponsored by Defendant Nexen.

19.   **Exhibits and Headings**

The terms of this Settlement Agreement include the terms set forth in the attached Exhibits, which are incorporated by this reference as though fully set forth herein.   Any Exhibits to this Settlement Agreement are an integral part of the Settlement.   The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Settlement Agreement.

20.   **Amendment or Modification**

This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest and approved by the Court.

21.   **Entire Agreement**

This Settlement Agreement and any attached Exhibits constitute the entire agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

22.     **<u>Authorization to Enter Into Settlement Agreement</u>**

Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.

23.     **<u>Binding on Successors and Assigns</u>**

This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

24.     **<u>Michigan Law Governs</u>**

All terms of this Settlement Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of Michigan.

25. **Counterparts**

This Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

26. **This Settlement is Fair, Adequate, and Reasonable**

The Parties warrant and represent that they have conducted a thorough investigation of the facts and allegations in the Action.  The Parties further represent and warrant that they believe this Settlement Agreement represents a fair, adequate and reasonable settlement of this Action and that they have arrived at this Settlement Agreement in arms-length negotiations, taking into account all relevant factors, present and potential.  This Settlement Agreement was reached after extensive negotiations.

27. **Jurisdiction of the Court**

The Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the Settlement embodied in this Settlement Agreement and all orders and judgments entered in connection therewith.

28. **Cooperation and Drafting**

Each of the Parties has cooperated in the drafting and preparation of this Settlement Agreement.  Hence, in any construction made to this Settlement Agreement, the same shall not be construed against any of the Parties.

23

29.    **Invalidity of Any Provision**

Before declaring any provision of this Settlement Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Settlement Agreement valid and enforceable.

30.    **Circular 230 Disclaimer**

Each Party to this Settlement Agreement acknowledges and agrees that (1) no provision of this Settlement Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers regarding this Settlement Agreement, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended); (2) each Party (a) has relied exclusively upon his, her or its own, independent legal and tax advisers for advice (including tax advice) in connection with this Settlement Agreement, (b) has not entered into this Settlement Agreement based upon the recommendation of any Party or any attorney or advisor to any other Party, and (c) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other Party to avoid any tax penalty that may be imposed on that Party; and (3) no attorney or adviser to any other Party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax

strategies (regardless of whether such limitation is legally binding) upon disclosure

by the acknowledging party of the tax treatment or tax structure of any transaction,

including any transaction contemplated by this Settlement Agreement.

| **GREGORY GRIFFIN** | **NEXEN CORPORATION & STEVEN KIRKA** |
| --- | --- |
| By:  */s/ Bryan Yaldou*<br><br>       One of Their Attorneys | By: */s/ Angela Mannarino, with consent*<br>       One of Their Attorneys |
| Bryan Yaldou (P70600)<br>Omar Badr (P70966)<br>THE LAW OFFICES OF<br>BRYAN YALDOU, PLLC<br>23000 Telegraph, Suite 5<br>Brownstone, MI  48134<br>Tel:  734.692.9200<br>Fax: 734.692.9201<br>bryan@yaldoulaw.com<br><br>*Attorneys for Plaintiffs* | Angela Mannarino (P72374)<br>GASIOREK, MORGAN, GRECO,<br>MCCAULEY & KOTZIAN<br>ATTORNEYS AT LAW<br>30500 Northwestern Highway, Suite 425<br>Farmington Hills, Michigan 48334<br>Tel: 248.865.0001<br>Fax: 248.865.0002<br>amannarino@gmgmklaw.com<br><br>*Attorneys for Defendant Nexen*<br>*Corporation and Steven Kirka.*<br><br>**AMAZON.COM, INC.**<br><br>By: */s/ Stephanie L. Sweitzer, with consent*<br>       One of Its Attorneys<br><br>Stephanie L. Sweitzer (P66376)<br>Meredith E. Riccio<br>MORGAN, LEWIS & BOCKIUS LLP<br>77 West Wacker Drive, Fifth Floor<br>Chicago, IL  60601<br>Tel: 312.324.1000<br>Fax: 312.324.1001<br><br>*Attorneys for Defendant Amazon.com,*<br>*Inc.* |